IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>              Respondent/Plaintiff,      )<br>vs.                                                     )<br>                                                        )<br>CHRISTOPHER JERMAINE JACKSON, )<br>ID # 30672-177,                                 )<br>              Movant/Defendant.           ) | No. 3:03-CR-0078-N (06)<br>No. 3:04-CV-2658-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

**B. Procedural History**

On March 27, 2003, a grand jury indicted movant for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and distribution of cocaine in violation of 21 U.S.C. § 841. On July 15, 2003, movant pled guilty to the conspiracy charge. In his plea agreement, he "waive[d] the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742" and "further agree[d] not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." He specifically reserved the right to appeal: "(a)

the calculation of his relevant conduct under USSG § 1B1.3, (b) any punishment imposed in excess of a statutory maximum, (c) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court, and (d) ineffectiveness of counsel." On April 5, 2004, the Court held a sentencing hearing and sentenced movant to 168 months imprisonment; it entered judgment on April 7, 2004. Movant filed no appeal.

On December 15, 2004, the Court received the instant *pro se* motion to vacate wherein movant asserts that (1) his attorney rendered ineffective assistance by failing to appeal his conviction and (2) his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004) and/or *United States v. Booker*, 543 U.S. 220 (2005).

In its response to the motion to vacate, the government argues that movant's first claim has no merit and his second claim is not cognizable on collateral review. Movant filed no reply brief.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In Claim 1, movant argues that his appellate attorney rendered ineffective assistance by failing to appeal his sentence. In its entirety, his argument on this claim states:

> Petitioner's counsel failed to provide the guarantees of the Sixth Amendment. Counsel failed to file Defendant's Notice of Direct Appeal. Counsel was requested to do so, but neglected to file the appeal to contest the objection which increased Petitioner's sentence above the required amount of the indictment that was put forth to the jury. Counsel violated Petitioner's Constitutional rights to effective assistance of counsel and it is Counsel's obligation to file Notice of Direct Appeal when requested to do so by the Defendant. (Violation of the Sixth Amendment)

The government argues that this claim fails for a couple of reasons. First, because movant waived his right to appeal except in specific circumstances not presented by this case, respondent argues that the waiver provides "concrete evidence" that movant did not ask counsel to file an appeal. Second, the government argues that movant's vague reference that "counsel was requested"

to appeal does not advance his claim because movant does not assert that he personally asked counsel to file an appeal, and former counsel for movant avers that the only request to file an appeal in this case came from movant's girlfriend well after the time for filing an appeal elapsed.

To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *See id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. For instance, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). On the other hand, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* A failure to file an appeal is not *per se* deficient representation absent specific instructions to file an appeal. *Id.* at 477-78. The appropriate inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 478 (quoting *Strickland*, 466 U.S. at 688).

To gauge the reasonableness of the assistance given in the specific context of a failure to file a notice of appeal "when the defendant has not clearly conveyed his wishes one way or the other", *Flores-Ortega* provides:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

*Id.* at 477-78 (citation omitted). Although the Supreme Court recognized "that the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal," it rejected a bright-line rule that a "failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Id.* at 479. It found such a bright-line rule inconsistent with "*Strickland* and common sense", and provided examples of non-deficient conduct:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal. Or, for example, suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to con-

4

> sult. In some cases, counsel might then reasonably decide that he need not repeat that information.

*Id.* at 479-80 (citation omitted). The Supreme Court went on to hold that

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. Of course, when "making this determination, courts must take into account all the information counsel knew or should have known", including the "highly relevant factor" of whether the defendant pled guilty." *Id.* Nevertheless,

> [e]ven in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* In addition, when the defendant has been fully informed about his appellate rights and has waived those rights, an attorney does not render deficient representation by failing to file a notice of appeal. *Cf. White v. Johnson*, 180 F.3d 648, 654-55 (5th Cir. 1999) (finding no waiver but recognizing that a waiver of appeal impacts the reasonableness of the attorney's actions).

Not only must movant show that his attorney was deficient in not filing an appeal on his behalf, he must generally show that he was prejudiced by the deficiency of counsel. Although when counsel fails to file a *requested* appeal, prejudice is presumed, *see Rodriquez v. United States*, 395 U.S. 327, 329-30 (1969), the Supreme Court has declined to presume prejudice in other cases where the attorney has failed to file an appeal, *see Flores-Ortega*, at 484. It has instead applied "the critical requirement that counsel's deficient performance must actually cause the forfeiture of the defend-

5

ant's appeal." *Id.* To show prejudice in cases where the defendant has not specifically requested his attorney to file an appeal, the "defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.*

In this instance, movant does not allege that he personally requested his attorney to file an appeal. After the government pointed out the vagueness of his claim and presented an affidavit of counsel that the only request to appeal came from movant's girlfriend well after the deadline for filing an appeal, movant filed no reply brief to contest the averments of counsel. The Court thus finds from the uncontested facts before the Court that movant did not personally request counsel to file an appeal on his behalf. However, nothing of record indicates whether counsel consulted with movant regarding his wish to appeal. For purposes of this § 2255 action, the Court will assume without deciding that counsel did not consult with movant regarding any appeal. Therefore, to succeed on his claimed ineffective assistance due to his attorney's failure to file an appeal on his behalf, movant must show that the attorney rendered deficient representation when he failed to consult with movant on this issue.

Under the circumstances of this case, the Court finds no deficiency of counsel from the failure to consult with movant about an appeal. The plea agreement contains a specific provision regarding movant's retained limited right to appeal. Movant makes no allegation that he did not understand the provision. Nothing of record indicates that movant had any desire to appeal his conviction or sentence. There is simply no reason to think that movant reasonably demonstrated to counsel that he was interested in appealing.

There is also no reason to think that a rational defendant would want to appeal in this case. Movant does not challenge the voluntariness of his plea or the waiver of his appellate rights. By his voluntary plea and waiver, he retained only a limited right to appeal on three specific bases, not at issue here. As stated in the plea agreement entered into by him, movant did not bargain for a specific sentence. The Court, furthermore, did not impose a sentence that exceeded the statutory maximum sentence. It did not upwardly depart from the applicable guideline range. Movant does not seek to appeal the calculation of his relevant conduct, but instead contends that he wanted his attorney to appeal his sentence based upon *Blakely* or *Booker* – cases that were decided after his time for appeal elapsed. Such appeal does not fall within the limited appellate rights he reserved after voluntarily pleading guilty and waiving his right to appeal. Movant has not overcome the presumption that his attorney's conduct falls within the wide range of reasonable assistance.

Movant here was fully aware of the limited extent of his appellate rights, but has presented nothing to show that he wanted his attorney to perfect an appeal on his behalf. Furthermore, because the claims raised in the instant motion to vacate do not fall within his reserved limited right to appeal, counsel cannot be deemed to have rendered deficient representation by failing to present them on appeal. Attorneys do not render deficient representation by failing to present waived issues on appeal.

For all of these reasons, the Court finds no deficiency of counsel based upon the failure to file an appeal. In the absence of a deficiency of counsel, movant's claim of ineffective assistance of counsel necessarily fails. The Court, nevertheless, notes that, in light of the totality of the circumstances of this case, movant has demonstrated no reasonable probability that, but for counsel's

7

presumed failure to consult with him about an appeal, he would have timely appealed. Claim 1 provides no basis for relief in this § 2255 action.

### III. *BLAKELY/BOOKER* CLAIM

In his second claim, movant asserts that his sentence violates *Blakely* and *Booker*. As argued by respondent, this claim is not cognizable on collateral review. *See United States v. Turner*, Nos. 4:00-CR-260-Y, 4:04-CV-346-Y, 2007 WL 636336, at *5 (N.D. Tex. Mar. 2, 2007) (relying on *United States v. Gentry*, 432 F.3d 600, 601 (5th Cir. 2005) and *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005)). Such claim thus provides no basis for relief in this § 2255 action.

### IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 28th day of June, 2007.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE